UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DANIEL-ROBERT DUBREUIL,**<br><br>Petitioner,<br><br>v.<br><br>**ST. CLAIR 72nd DISTRICT COURT,**<br><br>Respondent, | 2:24-CV-12601-TGB-CI<br><br>**ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE DUBREUIL'S PETITION FOR WRIT OF HABEAS CORPUS** |

Daniel-Robert Dubreuil ("Petitioner"), currently residing in Kimball, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Dubreuil challenges his misdemeanor conviction out of the 72nd District Court in St. Clair County, Michigan for operating an unregistered motor vehicle, MCL § 257.215. Petitioner was sentenced to serve ninety days in jail or to pay a $500.00 fine. For the reasons that follow, Dubreuil's petition for writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

### I. LEGAL STANDARD

Generally, a state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)—(c); *see also Picard v. Connor*, 404 U.S. 270, 275-78 (1971). A petition for a writ of habeas corpus filed by a state prisoner "shall not be granted unless the petitioner has exhausted

[his or her] available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights." *Turner v. Bagley,* 401 F.3d 718, 724 (6th Cir. 2005). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. Jan. 9, 2003)(Lawson, J.) (citing 28 U.S.C. § 2254(b)(3)).

A habeas petitioner who is convicted of a misdemeanor offense in the Michigan courts can exhaust his claims by filing an appeal with the circuit court.[1] If the petitioner does not prevail in the circuit court, he can file an application for leave to appeal to the Michigan Court of Appeals and in the Michigan Supreme Court to exhaust the claims. *See Martin v. Hunt,* No. 23-10344, 2023 WL 2920294, at *1 (E.D. Mich. Mar. 8, 2023)(Behm, J.) (citing *Coklow-El v. Heard,* No. 11-14597, 2011 WL 5509985, at *2) (E.D. Mich. Nov. 10, 2011)(Goldsmith, J.).

A habeas petitioner must prove that he has exhausted his state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he has exhausted his available state court remedies. *See Granville v. Hunt,* 411 F.2d 9, 11 (5th Cir. 1969).

---

[1] Petitioner would have an appeal by right by any conviction following a trial but would have to file an application for leave to appeal if his conviction was through a plea of guilty or *nolo contendere. See* MCR 7.103(A)(1).

## II. DISCUSSION

### A. Failure to Exhaust Available State Remedies

The petition is subject to dismissal because Petitioner has yet to exhaust his state court remedies. Dubreuil has failed to allege or establish in his petition that he exhausted his state court remedies prior to filing his petition.

Petitioner was convicted of the above offense in the 72nd District Court. It is unclear from the petition whether Petitioner was convicted after a trial or after entering a plea of guilty or nolo contendere—although he does indicate he pleaded not guilty, at least initially. Petitioner was sentenced on October 7, 2024, to serve ninety days in jail or pay a $500.00 fine. Petitioner, by his own admission, has yet to appeal his conviction. ECF No. 1, PageID.2.

Thus, Petitioner has state court remedies with which he could appeal his misdemeanor conviction out of the 72nd District Court. He is not excused from exhausting his state court remedies because he has failed to show that it would be futile to do so. *See Martin v. Hunt*, 2023 WL 2920294, at *1 (holding that a petitioner may only be excused from exhausting state remedies if there is a lack of process or extraordinary circumstances). The petition for writ of habeas corpus is dismissed without prejudice.

## B. Certificate of Appealability

The Court will also deny a certificate of appealability. *See* Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254 ("[T]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To establish denial of a constitutional right, the petitioner is required to show that reasonable jurists could debate or agree on whether "the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

When a district court denies a habeas petition on procedural grounds alone, a certificate of appealability should issue, and an appeal of the district court's order may be taken if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further" and "no appeal would be warranted." *Id.* at 484.

The Court declines to issue a certificate of appealability, because reasonable jurists would not debate the Court's conclusion that Petitioner has failed to exhaust available state-court remedies, warranting dismissal. *See Jones v. Carl*, 605 F. Supp. 3d 1012, 1020 (E.D. Mich. June 2, 2022)(Ludington, J.) (holding that failing to exhaust state remedies bars any reasoning that a reasonable jurist could debate over the court's conclusion). However, although jurists of reason would not debate the Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith, and the petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. May 22, 2002)(Rosen, J.) (noting that a petitioner may proceed in forma pauperis on appeal if the issues are arguable on the merits).

### IV. CONCLUSION

For the reasons stated above, Dubreuil's Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE**. It is **FURTHER ORDERED** that a Certificate of Appealability is **DENIED** and that leave to appeal in forma pauperis is **GRANTED**.

**SO ORDERED.**

Dated: May 30, 2025         /s/Terrence G. Berg
                                           TERRENCE G. BERG
                                           UNITED STATES DISTRICT JUDGE